IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*



| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KAYSON TYRELL LASSITER,<br>a/k/a "Trap"<br>    Defendant. | Case No. 4:23cr78-003 |

### STATEMENT OF FACTS

If the United States were to try this case, the evidence that would be proved beyond a reasonable doubt would be:

1. KAYSON TYRELL LASSITER was associating with known and unknown coconspirators in the Eastern District of Virginia. These coconspirators were engaging in the sale of narcotics, to include marijuana, cocaine, methamphetamine, oxycodone, and cocaine base.

2. On or about January 21, 2024, LASSITER was legally pulled over in a Chrysler 200 belonging to Dasjha Irene Lasha Hunter ("coconspirator 1"). Four total people were inside the vehicle, LASSITER was the driver, and three unindicted individuals were passengers.

3. A narcotics K9 alerted on the vehicle. The vehicle was legally searched, and the search yielded approximately one gram of crack cocaine in a small corner baggie located within the glasses storage compartment near the rearview mirror, and two firearms from inside the glove box; Glock 23, loaded with an extended magazine, with serial number AAKT429 (which returned stolen out of Houston, Texas), and Glock 27, loaded with an extended magazine, with serial number HYW327.

4. On or about January 22, 2024, in a recorded jail call placed by LASSITER to coconspirator 1, LASSITER asked coconspirator 1 if she was still at his residence, **74 Jebbs

1

Place. LASSITER and coconspirator 1 discussed how coconspirator 1 had cleaned up the residence and removed a shoe box.

5. Bureau of Alcohol, Tobacco and Firearms (ATF) Senior Special Agent Lawrence K. Goldsmith examined the recovered firearms and ammunition to determine their origin and status as to travel in interstate and foreign commerce. He concluded that the firearms and ammunition were not manufactured in the Commonwealth of Virginia and therefore, must have been shipped or transported in interstate commerce, if they were received or possessed in the Commonwealth of Virginia. The firearms functioned as designed and was capable of expelling a projectile by the means of an explosive.

6. On or about March 14, 2023, LASSITER was found guilty of one Felony count, Carry Concealed Weapon, 2nd Offense, in the Virginia Beach Circuit Court.

7. ATF Special Agent Mandrel Brown verified that LASSITER had been convicted of a Felony.

8. ATF Special Agent Mandrel Brown checked to see if LASSITER had ever had his right to carry or possess a firearm restored and LASSITER had not.

9. All of the events described occurred in the Eastern District of Virginia.

10. On or about January 21, 2024, in the Eastern District of Virginia, the defendant, KAYSON TYRELL LASSITER, a/k/a "Trap", having knowingly been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting interstate commerce, a stolen firearm, to wit: Glock 23, bearing serial number: AAKT429, and ammunition, which had been shipped and transported in interstate and foreign commerce. In violation of Title 18 United States Code, Sections 922(g)(1) and 924(a)(8).



11. The acts described above taken by defendant, KAYSON TYRELL LASSITER, a/k/a "Trap", were done willfully, knowingly, intentionally, and unlawfully and not by accident, mistake or other innocent reason. The defendant further acknowledges that the foregoing statement of facts covers the elements of the offenses charged but does not describe all of the defendant's conduct relating to the offenses charged in this case.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
Devon E.A. Heath
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
One City Center
11815 Fountain Way, Suite 200
Newport News, VA 23606
Phone: (757) 591-4041
Fax: (757) 591-0866
devon.heath@usdoj.gov



After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, and the United States, I hereby stipulate that the above Statement of Facts is a partial summary of the evidence which is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____       10-7-24
KAYSON TYRELL LASSITER              Date
Defendant

    I am KAYSON TYRELL LASSITER's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____      10-7-24
Rodolfo Cejas                      Date
Counsel for defendant