

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 4:23cr78-005 |
| MALIK DAYSHAWN MANLY, a/k/a "Pound" Defendant. | |

## STATEMENT OF FACTS

If the United States were to try this case, the evidence that would be proved beyond a reasonable doubt would be:

1. As early as 2023, MALIK DAYSHAWN MANLY, a/k/a "Pound", was associating with known and unknown coconspirators in the Eastern District of Virginia and began participating in the selling of narcotics.

2. MANLY was seen at, known to be at, or was taken to several residences/locations associated with drug trafficking.

3. On or about November 2023, an incident occurred at a place commonly referred to as "the studio" amongst the coconspirators. It was alleged that MANLY along with Derrick Monte Ellis, a/k/a "Savage", a/k/a "TuSavage" ("coconspirator 1"), and Leroy Clyburn, III, a/k/a "Bam" ("coconspirator 2") took cash and narcotics from another who was there. On a recorded jail call, Larry Lamont Smith, Jr. ("coconspirator 3") had knowledge that they were going to take this cash and narcotics but coconspirator 3 thought they were going to wait for him to be out of jail.

4. On or about January 25, 2024, MANLY was seen with Dasjah Irene Lasha Hunter ("coconspirator 4") and an unindicted coconspirator coming from **74 Jebbs Place, the residence

1



associated with Kayson Tyrell Lassiter ("coconspirator 5") and entering coconspirator 4's vehicle.

5. Coconspirator 4 was driving the vehicle and MANLY was the front passenger. A valid traffic stop was conducted on the vehicle, a narcotics K9 alerted on the vehicle and a valid search of the vehicle was conducted. The search yielded 3 grams of cocaine, found in the passenger seat where MANLY had been seated, and a digital scale.

6. MANLY was placed under arrest and transported to an interview room. MANLY was read Miranda and agreed to speak with police. MANLY stated that "he got the drugs from an older guy named "Star".

7. There is no direct evidence to support that MANLY physically possessed firearms, although firearms are alleged to be commonly seen on all the coconspirators.

8. After coconspirator 3 was taken into custody, communication continued amongst the coconspirators on jail calls. There are discussions regarding other coconspirators, and about narcotic transactions.

9. MANLY is attributed with 3 grams of a mixture and substance containing a detectable amount of cocaine.

10. The acts taken by the defendant, MALIK DAYSHAWN MANLY, in furtherance of the offenses charged in this case, including the acts described above, were done willfully and knowingly and not by mistake or accident. The defendant acknowledges that the foregoing statement of facts covers the elements of the offense charged but does not describe all of the defendant's conduct relating to the offenses charged in this case.

11. These events occurred in the Eastern District of Virginia.



Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Devon E.A. Heath
Assistant United States Attorney



After consulting with my attorney, MALIK DAYSHAWN MANLY, hereby stipulates that the above Statement of Facts is a partial summary which is true and accurate, and that, had the matter proceeded to trial, the United States would have proved these facts beyond a reasonable doubt.

_____
MALIK DAYSHAWN MANLY

I am MALIK DAYSHAWN MANLY's attorney, and I have carefully reviewed the above Statement of Facts with the defendant. To our knowledge, the decision to stipulate to these facts is an informed and voluntary one.

_____
Kevin Mitchell P. Diamonstein, Esq.
Attorney for MALIK DAYSHAWN MANLY